## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TIM SHAPUTIS,**

**Plaintiff,**

**v.**

**TRUCK CENTERS, INC.,**

**Defendant.**                                                   **No. 05-CV-0724-DRH**

### ORDER

**HERNDON, District Judge:**

On November 17, 2005, this Court granted Defendant's motion for partial summary judgment pursuant to **Local Rule 7.1(c)** (Doc. 14).[1] Thereafter on December 19, 2005, Plaintiff filed a motion to vacate the Court's November 17, 2005 Order arguing that his attorneys did not receive a copy of the motion for partial summary judgment (Doc. 20).[2] As of January 12, 2006 Defendant did not respond to the motion to vacate , therefore, the Court pursuant to **Local Rule 7.1(g)** granted the motion to vacate and allowed Plaintiff up to and including January 26, 2006 to

---

[1] "An adverse party shall have thirty (30) days after the service (*see* FED. R. CIV. P. 6) of the movant's motion in which to serve and file an answering brief. Failure to timely file an answering brief to a motion may, in the court's discretion, be considered an admission of the merits of the motion." **Local Rule 7.1(c)**.

[2] The Notice of Electronic filing for the motion for partial summary judgment indicates that Plaintiff's attorneys Bryan A. Drew, drewanddrewpc@onecliq.net, and John D. Drew, Sr, drewanddrewpc@onecliq.net, received notice of the motion for summary judgment (Doc. 6).

respond to the motion for partial summary judgment (Doc. 21).[3]

January 26, 2006 has come and gone and Plaintiff again failed to respond to the motion for summary judgment and failed to follow the Court's Order allowing it to respond to the motion for partial summary judgment.[4]  Pursuant to **Local Rule 7.1(c)**, the Court considers Plaintiff's failure to respond an admission of the merits of the motion.  Accordingly, the Court **GRANTS** the motion for partial summary judgment (Doc. 6).  At the close of the case, the Court **DIRECTS** the Clerk of the Court to enter judgment in favor of Defendant and against Plaintiff on Counts I and II of the complaint.

**IT IS SO ORDERED.**

Signed this 31st day of January, 2006.

/s/      David RHerndon
**United States District Judge**

---

[3]"A party opposing such a motion shall have **ten (10) days** after service of the motion to file a written response.  Failure to file a timely response to a motion may, in the court's discretion, be considered an admission of the merits of the motion."  **Local Rule 7.1(g)**.

[4]The Notice of Electronic filing for the January 12, 2006 Order indicates that Plaintiff's attorneys Bryan A. Drew, drewanddrewpc@onecliq.net, and John D. Drew, Sr, drewanddrewpc@onecliq.net, received notice of the Order (Doc. 21).